UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN E. NASLUND

Plaintiff,

vs.                                    Case No. 8:03-CV-1357-T-27MAP

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Dispositive Motion for Court to Take Judicial Notice and for Summary Judgment (Dkt. 22) and Plaintiff's response (Dkt. 28).[1] Upon consideration, Defendant's motion for summary judgment is **GRANTED**.

This case is one of several lawsuits filed by Plaintiff relating to his termination from Tampa Electric Company ("TECO") after his short term disability benefits and sick leave were exhausted.[2]

---

[1] Plaintiff's "Motion to the Court to Deny Motion for Summary Judgment filed by Defendant and to proceed with Trial Date" (Dkt. 28) is construed as a response to Defendant's motion for summary judgment. In part, Plaintiff's response has been stricken.

[2] In 2001, Plaintiff filed suit against TECO in state court alleging that his termination on July 5, 2000 after the conclusion of his short term disability and sick leave constituted discrimination in violation of the Americans with Disabilities Act and the Florida Civil Rights Act. TECO removed the suit to this court. *Naslund v. Tampa Elec. Co.*, 8:01-CV-284-T-30TGW (M.D. Fla. Tampa Div.). TECO's motion for summary judgment was granted and final judgment was entered in favor of TECO. The summary judgment was subsequently affirmed on appeal to the Eleventh Circuit.
In 2003, Plaintiff filed suit in this court against TECO, John Ramil and Robert Fagan alleging that his termination on July 5, 2000 after the conclusion of his short term disability and sick leave constituted a violation of his rights under the Employee Retirement Security Act and the Age Discrimination in Employment Act. *Naslund v. Tampa Elec. Co.*, 8:03-CV-1359-T-27TGW (M.D. Fla. Tampa Div.). This court granted defendants' motion to dismiss on the grounds that Plaintiff's complaint failed to allege that he had met the administrative prerequisites required by ERISA and the ADEA. The case was ultimately dismissed and closed a year later when the court entered a second order noting that Plaintiff had done nothing to correct the insufficiencies in his complaint "despite being given ample time to" do so. (cont'd next page).

In this action, Plaintiff alleges that Liberty Life Assurance Company of Boston acting as the "Disability Care Manager for [TECO]" "wrongfully and deliberately terminated" his short-term disability benefits "in an effort to save both companies money." (Dkt. 1, p. 3). Plaintiff contends Defendant "wrongfully conspired" with TECO to terminate his short term disability benefits while he was still "under a doctor's care and not released to return to work." *Id.* According to Plaintiff, Defendant's decision to terminate his disability benefits caused his termination from TECO. *Id.*

Defendant moves for summary judgment, arguing Plaintiff's claims are preempted by the Employee Retirement Security Act, 29 U.S.C. §§ 1132, 1144 ("ERISA"). Defendant contends summary judgment is appropriate because Defendant was not acting as an ERISA fiduciary and therefore, ERISA does not provide for a cause of action against Defendant. Defendant is correct.[3]

## FACTUAL BACKGROUND

Plaintiff was an employee of TECO from October 1976 until July 5, 2000. TECO maintained an employee welfare benefit plan (the "Plan") for the benefit of its employees, including Plaintiff. TECO was the administrator of the Plan. (McGee Aff., ¶ 4). Defendant served as a claims administrator for the Plan. (McGee Aff., ¶ 5). As the claims administrator, Defendant was

---

In 2004, Plaintiff filed suit against TECO, Fagan and Ramil alleging that his termination from TECO on July 5, 2000 at the conclusion of his short term disability leave was negligent and in breach of TECO's contractual obligations. The defendants removed the case to this court on the grounds that Plaintiff's claims were preempted by ERISA. *Naslund v. Tampa Elec. Co., et al.*, 8:04-CV-1708-T-27MAP (M.D. Fla. Tampa Div.). This court granted Defendants' motion for judgment on the pleadings, finding Plaintiff's claims barred by the doctrine of *res judicata*.

Plaintiff also sued his treating physician, Dr. Robert J. Maddalon and the Brandon Orthopedic Associates alleging defendants provided TECO and Liberty Mutual with inadequate information in support of his disability claim. *Naslund v. Maddalon, et al.*, 8:03-CV-1358-T-23TGW (M.D. Fla. Tampa Div.). This case was dismissed for lack of subject matter jurisdiction.

[3] Because Plaintiff's claims are preempted by ERISA and Defendant in not liable under ERISA it is unnecessary to consider Defendant's alternative grounds for summary judgment, namely, failure to exhaust administrative remedies and judicial estoppel.

responsible for gathering claim information and making recommendations regarding benefit determinations. *Id.* Defendant did not have the authority to review benefit denials or make ultimate decisions regarding eligibility. *Id.* Defendant did not insure the Plan or issue any benefits under the Plan from its own funds. (McGee Aff., ¶ 6).

## APPLICABLE STANDARD

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56. The Court must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. Plaintiff's evidence must be significantly probative to support his claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## DISCUSSION

ERISA applies to all employee benefit plans established by any employer engaged in interstate commerce or in any industry affecting interstate commerce. 29 U.S.C. § 1003(a)(1). An employee welfare benefit plan is:

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . .

29 U.S.C. § 1002(1).

With few exceptions, none of which are relevant here, ERISA "supersede[s] any and all State laws insofar as they . . . relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). "Because Congress intended the regulation of employee benefit plans to be exclusively a federal concern, the Supreme Court has broadly interpreted the 'relate to' language of Section 1144(a) as encompassing any state law that has a connection with or reference to employee benefit plans." *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1563 (11th Cir. 1987) (internal quotations and citations omitted). "[I]f a state law claim arises out of the administration of benefits under a plan, the claim is preempted." *Id.* at 1564 (citations omitted).

Here, Defendant submits the affidavit of Paula McGee, Litigation Manager at Liberty Life Assurance Company of Boston, who avers that the "STD Plan sponsored by [TECO] is an employee welfare benefit plan established by TECO for the benefit of its participating employees and their dependents" and that the "Plan is governed by the provisions of [ERISA]." (McGee Aff., ¶ 3). Plaintiff has not submitted evidence to the contrary. Significantly, in his lawsuits against TECO, Plaintiff has taken the position that the Plan is governed by ERISA and that the termination of his benefits violated ERISA. (*See* 8:03-CV-1359-T-27TGW, Dkt. 1; Case No.: 8:04-CV-1708-T-

27MAP, Dkt. 20).[4] Based upon the evidence of record, this Court concludes that the relevant plan is governed by ERISA. Accordingly, if Plaintiff's claims "relate to" the Plan, they are preempted. *See Howard*, 807 F.2d at 1563.

In the Complaint, Plaintiff alleges Defendant "wrongfully and deliberately terminated [his] short-term Disability (S.T.D.) benefits" and "conspired with [TECO] to terminate [his] S.T.D. benefits" (Dkt. 1, p. 3). Plaintiff's claims undeniably "relate to" the employee benefit plan established by TECO, as he seeks damages for Defendant's alleged termination of benefits under the Plan. Plaintiff's claims against Defendant, therefore, are preempted by ERISA. *See Howard*, 807 F.2d at 1563-64 (state law claims against non-fiduciary administrator preempted); *see also Powell v. Chesapeake & Potomac Telephone Co.*, 780 F.2d 419, 421-22 (4th Cir. 1985), *cert. denied*, 106 S.Ct. 2892 (1986) (state law claims for intentional infliction of emotional distress, breach of covenant of good faith and fair dealing, breach of contract, and unfair trade practices arising out of denial of disability benefits preempted).

Moreover, because Defendant was not a fiduciary of the Plan, Defendant cannot be held liable under ERISA. *Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 289 (11th Cir. 1990) (citing *Howard*, 807 F.2d at 1564-65) (holding ERISA does not regulate the duties of non-fiduciary plan administrators, therefore, non-fiduciary plan administrators cannot be held liable under ERISA). ERISA defines a fiduciary as one who "exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control

---

[4] This Court takes judicial notice of all pleadings, filings and orders in the previous cases. *Fed. R. Ev.* 201(b), (c) and (f); *United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987)("[a] court may take judicial notice of its own records and the records of inferior courts."); *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986)(affirming district court's application of *res judicata* where "district court took judicial notice of all pleadings and orders in the earlier action").

respecting management or disposition of its assets." *Baker*, 893 F.2d at 290 (citations omitted). "[A] plan administrator who merely performs claims processing, investigatory, and record keeping duties is not a fiduciary." *Id.* (citing *Howard*, 807 F.2d at 1564).

Defendant has submitted evidence which establishes that TECO was the Plan administrator and that Defendant served merely as the claims processor. (McGee Aff., ¶¶ 4,5). Defendant did not have the authority to review benefit denials or make ultimate benefit determinations. (McGee Aff., ¶ 5). Rather, Defendant merely gathered claim information and made benefit recommendations. *Id.* Defendant did not insure the Plan or issue benefits under the Plan from its own funds. *Id.* at ¶ 6. This undisputed evidence therefore supports the conclusion that Defendant was not an ERISA fiduciary. Accordingly, Defendant is not subject to suit for its part in denying Plaintiff benefits. *See Baker*, 893 F.2d at 290 (where defendant "processed claims and disbursed benefit payments pursuant to Plan terms under an administrative service agreement" but did not review claim denials or make ultimate decisions regarding eligibility, defendant was subject to suit as ERISA fiduciary); *see also Howard*, 807 F.2d at 1565 ("allowing plan beneficiaries to assert state law claims against non-fiduciary plan administrators for wrongful termination of benefits would upset the uniform regulation of plan benefits intended by Congress"). Accordingly, it is

**ORDERED AND ADJUDGED** that

1. Defendant's Dispositive Motion for Summary Judgment (Dkt. 22) is GRANTED.
2. The Clerk is directed to enter judgment in favor of Defendant and close this case.

**DONE AND ORDERED** in chambers this 10th day of May, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record